IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERCIA             :          CRIMINAL ACTION
                                     :
            v.                       :
                                     :
ABEL GONZALEZ                        :          NO. 16-45-2

MEMORANDUM

Bartle, J.                                      February 9, 2022

        The court has before it the motion of Abel Gonzalez
for early termination of his supervised release pursuant to
18 U.S.C. § 3583(e)(1).

        Gonzalez was found guilty by a jury of one count of
conspiracy to defraud the United States (18 U.S.C. § 286), seven
counts of theft of public money and aiding and abetting
(18 U.S.C. §§ 641 and 2), and seven counts of aggravated
identity theft and aiding and abetting (18 U.S.C.
§§ 1028A(a)(1),(c)(1) and 2).  He was sentenced to fifty-four
months in prison to be followed by three years of supervised
release.  Restitution of $877,787 was ordered to the Internal
Revenue Service.  There was no appeal.

        Gonzalez has completed his term of imprisonment and
has now served 16 months of supervised release.  Gonzalez has
the burden of proof by a preponderance of the evidence to
establish that early termination of his supervised release is
warranted.  See United States v. McDowell, 888 F.2d 285, 291 (3d
Cir. 1989).

Section 3583(e)(1) provides:

(e)  Modification of conditions or revocation.  The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

(1)  terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The factors outlined in § 3553(a) which the court must consider are:

(1)  the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed.

-2-

See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In
contrast to imprisonment, "the primary purpose of supervised
release is to facilitate the integration of offenders back into
the community rather than to punish them."  United States v.
Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting United States
v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  As the Supreme
Court has put it, supervised release is designed to "assist
individuals in their transition to community life" and to
fulfill "rehabilitative ends, distinct from those served by
incarceration."  United States v. Johnson, 529 U.S. 53, 59
(2000).  Accordingly, when considering a modification or
termination of supervised release, the court does not consider
the sentencing factors outlined in § 3553(a)(2)(A):  "to reflect
the seriousness of the offense, to promote respect for the law,
and to provide just punishment for the offense."  See
§ 3583(e)(1).

          Our Court of Appeals has made clear that the district
court does not need to find "an exceptional, extraordinary, new,
or unforeseen circumstance" in order to modify or terminate a
person's supervised release.  Melvin, 978 F.3d at 53.  While the
court must consider the factors found in § 3553(a)(1),
(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and
(a)(7), it need not make specific findings as to each.  Id. at
52-53.

Gonzalez through counsel simply states that he "has been totally compliant with supervised release and restitution" and "is currently fully employed as a truck driver with Performance Food Group and is requesting early release from supervision to be able to stay on the road for longer runs."

In deciding the motion the court must consider, as noted above, the relevant factors in § 3583(e)(1).  It is commendable that defendant has a job, has been making restitution in small increments and is leading a productive and law-abiding life.  This, however, is expected of all defendants. Gonzalez was convicted of stealing $877,787 and has a long way to go to make full restitution to the Internal Revenue Service. It is not in the public interest or the interest of justice that he be relieved of serving his full term of supervised release with such a large outstanding restitution obligation remaining.

Gonzalez has not met his burden of proof for early termination of supervised release.  Accordingly, his motion for early termination of his supervised release will be denied.